UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
OJU S. MINIMA,

                            Plaintiff,

                                                                Memorandum &
                 -against-                                      Order
                                                                 11-CV-2191 (CBA)

NEW YORK CITY EMPLOYEES'
RETIREMENT SYSTEM ("NYCERS");
JOSEPH MANGANO, Director of Client
Services; MRS. H. BASTAWROSE,
Assistant Deputy Director, Retirement
Benefits; THEA CENIZA, Retirement
Benefit Examiner,

                            Defendants.
----------------------------------------------------------x
GOLD, STEVEN M., *United States Magistrate Judge*:

      After plaintiff failed to appear for a conference scheduled to be held on January 31, 2012, the Court rescheduled the conference for February 16, 2012 and informed the plaintiff that this action would be dismissed with prejudice should he again fail to appear. *See* Docket Entry 33. On February 16, the day of the rescheduled conference, an *ex parte* filing received from plaintiff stated that he would likely not be able to appear for the conference because of financial constraints. Plaintiff did not in fact attend the conference. After being reached by telephone by my chambers, the plaintiff declined to hold for the Court and could not subsequently be reached.

      Given the plaintiff's most recent filing, however, and in particular his contention that he lacks sufficient resources to come to Court, I do not recommend dismissal with prejudice. Instead, defendants' motion to dismiss, Docket Entry 21, will be converted to a motion for summary judgment so that the Court's decision may be informed by the parties' subsequent filings, *see* Docket Entries 30-32.

Federal Rule of Civil Procedure 12(d) requires that a motion to dismiss under Rule 12(b)(6) or 12(c) be treated as a motion for summary judgment under Rule 56 where "matters outside the pleadings are presented to and not excluded by the court."[1]  *See also Dowdy v. Hercules*, 2010 WL 169624, at *4 (E.D.N.Y. Jan. 15, 2010) (noting that the Court "has discretion to consider additional materials and 'convert a motion for judgment on the pleadings to a motion for summary judgment if the Court deems it necessary to refer to matters outside of the pleadings'" (quoting *In re Risk Mgmt. Alts., Inc.*, 208 F.R.D. 493, 500 (S.D.N.Y. 2002))).

Where a motion to dismiss is converted into one for summary judgment, however, both parties must have an opportunity to present any additional material relevant to the summary judgment motion.  FED. R. CIV. PROC. 12(d).  Further, under Local Civil Rule 12.1, *pro se* litigants must be served with a notice regarding the conversion, as well as a copy of Federal Rule of Civil Procedure 56.

---

[1] Defendants have also moved to dismiss under FED. R. CIV. PROC. 12(b)(1), asserting that plaintiff's complaint does not plead any basis for federal jurisdiction.  *See* Defs. Mem. at 2-4, Docket Entry 21-1.  Following his complaint, however, plaintiff filed an additional document alleging violations of his federal constitutional rights.  *See* Docket Entry 19.  Given the plaintiff's *pro se* status, I will consider his later submission, which does state grounds for federal jurisdiction, to function as an amended complaint.  *See Washington v. James,* 782 F.2d 1134, 1138-39 (2d Cir. 1986) (considering a pro se plaintiff's "Affidavit and Memorandum of Law" to be an amendment to his complaint on a 12(b)(6) motion); *Vazquez v. Parks*, 2003 WL 1442087, at *2 (S.D.N.Y. Feb. 4, 2003), *aff'd on other grounds* 101 Fed. Appx. 365 (2d Cir. 2004) (considering *pro se* plaintiff's complaint, motion and a document containing both law and facts "leniently and in the aggregate").

In accordance with these rules, I order the plaintiff to submit any additional materials by MARCH 19, 2012. Should defendants wish to file a response, they may do so by APRIL 2, 2012. Additionally, a copy of the notice required by Local Rule 12.1 and a copy of FED. R. CIV. PROC. 56 will be attached to this Order and mailed today to the address listed on plaintiff's complaint.

                                                    _____/s/_____
                                                    Steven M. Gold
                                                    United States Magistrate Judge

February 17, 2012
Brooklyn, New York

*U:\rmk 2011-12\Minima v NYCERS\Minima 021612 Order.docx*