FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 13 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
OJU S. MINIMA

        Plaintiff,

        -against-

NEW YORK CITY EMPLOYEES' RETIREMENT
SYSTEM ("NYCERS"); JOSEPH MANGANO,
Director of Client Services; MRS. H. BASTAWROSE,
Assistant Deputy Director, Retirement Benefits;
THEA CENIZA, Retirement Benefit Examiner

        Defendants.
---------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-cv-2191 (CBA) (SMG)

AMON, Chief United States District Judge:

On August 17, 2012, Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R&R") recommending that the Court (1) grant summary judgment in favor of defendants on each of plaintiff's federal claims, and (2) decline to exercise supplemental jurisdiction over claims more appropriately reviewed in a state court Article 78 proceeding. On September 11, 2012, the Court received a submission from *pro se* plaintiff Oju Minima entitled "Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief," which is dated and postmarked on September 7, 2012. The Court construes this submission as an objection to Magistrate Judge Gold's R&R.[1] Having reviewed de novo those parts of the R&R to which Minima has objected, the Court now adopts the R&R as the Decision and Order of this Court. Accordingly, the defendants' motion for summary judgment is granted.[2]

---

[1] This submission also asks the Court to "demand Judge Steven Gold recuse himself from this case with immediate effect for lack of impartiality." The only apparent basis for this assertion is Magistrate Judge Gold's adverse decision. The case law is clear that an adverse decision is not a basis for a finding of impartiality. See Gallop v. Cheney, 645 F.3d 519, 520-21 (2d Cir. 2011) ("Prior rulings are, ordinarily, not a basis for disqualification." (citing Liteky v. United States, 510 U.S. 540, 555 (1994)).

[2] Defendants initially filed a motion to dismiss for failure to state a claim and for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). (D.E. # 21). On February 17, 2012, Magistrate Judge Gold ordered defendants' motion to dismiss converted to a motion for summary judgment pursuant to Rule 12(d). (D.E. #34).

1

## DISCUSSION

### I. Background

The Court assumes familiarity with the facts and background of this case, as set forth in the R&R. (R&R at pp. 4-7.) In short, Minima claims that the New York City Employees' Retirement System ("NYCERS") and several of its officers improperly suspended payment of his pension benefits in violation of his due process rights under the Fourteenth Amendment and in breach of their fiduciary obligations. (D.E. #1 at 1, D.E. #19 at 2.) Defendants assert that NYCERS discontinued Minima's benefits after he refused to re-submit the birth and marriage certificates of his wife and designated beneficiary, Joyce Minima. Defendants concede that plaintiff submitted these documents to Defendant Mangano on November 21, 2008; however, defendants state that these documents were somehow misplaced and never processed into the NYCERS system records. (D.E. #31 at 3, 7.) Defendants claim that after realizing it lacked the necessary documentation in April of 2010, NYCERS attempted on numerous occasions to obtain new copies of these documents from Minima and warned Minima repeatedly that failure to comply with these requests would result in the suspension of benefits. (Id. at 3, 7-9.) Defendants further represent that NYCERS intends to reinstate Minima's pension and retroactively compensate Minima for unpaid benefits once it receives the requested documentation. (Id. at 3, 9.) Minima nevertheless refuses to re-submit the certificates. (Id. at 9.)

### II. Standard of Review

On a dispositive motion, the Court reviews de novo the portions of an R&R to which a party has objected and reviews those portions not objected to for clear error. Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010); Manigaulte v. C.W. Post of Long Island Univ., 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009). A District Court "may accept, reject, or modify, in whole or in part, the

findings [or] recommendations made by the magistrate judge." Manigaulte, 659 F. Supp. 2d at 372 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)).

### III.    Magistrate Judge Gold's Report and Recommendation

Magistrate Judge Gold's R&R rejected plaintiff's federal claims and advised that this Court decline to exercise jurisdiction over plaintiff's state law claims. The R&R first determined that Minima could not invoke the Mandamus Act, 28 U.S.C. § 1361, to compel NYCERS to restore Minima's pension benefits, as this statute confers district court jurisdiction only over lawsuits to compel action by federal officers. (R&R at 7-8.) Construing Minima's due process claim as brought pursuant to 42 U.S.C. § 1983, Magistrate Judge Gold recommended that summary judgment be granted against this claim upon finding that Minima was afforded adequate pre- and post-deprivation process related to the suspension of his pension benefits. (Id. at 9-13.) Finally, Judge Gold determined that Minima's claim that NYCERS breached its fiduciary duty to him by suspending his benefits is more appropriately brought in an Article 78 proceeding, as this claim essentially requests review of the NYCERS's administrative determination. (Id. at 13-14.) The R&R recommended that this Court decline to exercise supplemental jurisdiction over this claim. (Id. at 14-15.)

### IV.    Minima's Objection

The sole objection lodged by Minima is that Magistrate Judge Gold misinterpreted the significance of a document attached to Minima's third supplemental memorandum dated April 20, 2012 as "Exhibit D," a NYCERS "Request for Information" form. (Pl's. Obj. at 2-3; D.E. #39-1 at 7.) In the R&R, Magistrate Judge Gold found that "[p]laintiff and defendants appear to agree that plaintiff resubmitted the necessary documents on November 21, 2008;" however, he also added in a footnote that despite Minima's repeated citations to Exhibit D as evidence of his submission of the certificates on that date, he did not "see anything purporting to be Mangano's handwriting or a confirmation that the underlying documents were received." (R&R at 5 & n. 7.)

3

Although Magistrate Judge Gold ultimately found that plaintiff submitted the documents on November 21, 2008—a finding in Minima's favor—Minima nevertheless objects to the language used in the R&R, contending that "there is no appearance of an agreement," but rather that it is "a fact" that Minima submitted the necessary documentation on November 21, 2008. (Pl's Obj. at 2-3.) Minima again insists that this fact is "clear[ly] and unambiguous[ly]" supported by Exhibit D. (Id.)

Minima's objection is of no moment. The R&R determined that the NYCERS received the birth and marriage certificates on November 21, 2008 despite its disagreement with Minima about the significance of Exhibit D. As such, the R&R simply does not turn on whether NYCERS received the documentation on that date. Therefore, even if this Court were to disagree with the R&R's assessment of this exhibit—which it does not—it would nevertheless have no bearing on the disposition of this motion.

Having reviewed the remainder of the R&R and finding no clear error, the Court hereby adopts it in its entirety. Manigaulte, 659 F. Supp. 2d at 372.

## CONCLUSION

The Court adopts the R&R as the opinion of the Court. The defendants' motion for summary judgment is granted in full, and the Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
        September 13, 2012

                              S/Judge Amon
                              Carol Bagley Amon
                              Chief United States District Judge